**Maria Del Socorro Garcia ARROYO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75375.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Nadeem H. Makada, Esq., Burlingame, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency Nos. A79–587–269, A79–587–270.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Maria Del Socorro Garcia Arroyo and Francisco Garcia, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Reviewing the IJ's decision as the final agency action, *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003), we deny the petition for review.

The petitioners contend that they were deprived of their due process rights to a "full and fair hearing," a claim that we review de novo. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). To prevail, the petitioners must show that the proceeding was so fundamentally unfair that they were prevented from reasonably presenting their case. *See id.* They must also demonstrate prejudice, meaning that the outcome of the proceeding may have been affected by the alleged due process violation. *See id.; see also Reyes–Melendez v. INS,* 342 F.3d 1001, 1007 (9th Cir. 2003).

According to the petitioners, the IJ's refusal to hear medical testimony prevented them from establishing the requisite "exceptional and extremely unusual hardship" to their daughter, under 8 U.S.C. § 1229b(b)(1)(D). Their claim fails, however, because it cannot be said that preclusion of the doctor's testimony prevented the petitioners from reasonably presenting their case. The medical problems of the petitioner's daughter were already set out. The documents in the administrative record, along with the testimony of the petitioners and their daughter, detailed the nature, severity, and treatment of her medical conditions. *See Zolotukhin v. Gonzales,* 417 F.3d 1073, 1075–76 (9th Cir. 2005) (explaining how the additional testimony could have bolstered the alien's claim for relief). There is also no indication in the record that the IJ failed to act as a neutral fact finder. *See Reyes–Melendez,* 342 F.3d at 1007—08; *Sanchez–Cruz v. INS,* 255 F.3d 775, 779—80 (9th Cir.2001).

Moreover, regardless of the prognosis of their daughter's maladies, the petitioners neither offered nor presented any evidence that she would be unable to receive adequate medical care in Mexico. They did not and do not assert that the doctor's testimony could have filled that evidentiary gap. *See Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1058—59 (9th Cir.2005); *Colmenar,* 210 F.3d at 972.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.